## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **Matthew Lobdell** and **Shawn Gibson,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE TREASURY**; **INTERNAL REVENUE SERVICE; Scott Bessent,** in his official capacity as **Secretary of the Treasury; Frank J. Bisignano,** in his official capacity as **Chief Executive Officer of the Internal Revenue Service**,<br><br>Defendants | Case No.:  **4:26-cv-919**<br><br><br>**COMPLAINT** |

Plaintiffs Matthew Lobdell and Shawn P. Gibson hereby complain, alleging as follows:

### I.    INTRODUCTION

1. This action seeks judicial review of final agency action, specifically, the promulgation and enforcement of 26 C.F.R. § 31.3402(f)(2)-1(g) (the "Regulation"). This action challenges the facial validity of a regulatory reporting mandate under the APA.

2. Under the Regulation, the Internal Revenue Service ("IRS" or "Agency") issues directives, which the IRS calls "lock in letters" (Letter 2800C) directing employers to disregard an employee's statutory withholding certificate furnished under 26 U.S.C. § 3402(f). This *ultra vires* regulatory framework commands employers to impose a maximum "Single-0-0" withholding rate (Single filing status, zero dependent credits, zero deductions) with respect to the

employee's wage withholding, regardless of the employee's actual statutory tax status.

3. This over-withholding results in an ongoing indefinite economic deprivation of Plaintiffs' earned wages without statutory authorization or procedural due process.

4. Plaintiffs bring this action to enjoin and set aside 26 C.F.R. § 31.3402(f)(2)-1(g) because it violates the Administrative Procedure Act, usurps the exclusive legislative power of Congress, and offends the procedural guarantees of the Fifth Amendment Due Process Clause and the Taxpayer Bill of Rights, 26 U.S.C. § 7803(a)(3).

## II.    JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act (APA), 5 U.S.C. § 702-706.

6. The Anti-Injunction Act, 26 U.S.C. § 7421, and the federal tax exception to the Declaratory Judgment Act, 28 U.S.C.§ 2201(a), do not bar this Court's jurisdiction because Plaintiffs challenge the facial validity of an upstream regulatory reporting mandate rather than the assessment or collection of a tax. See *CIC Servs., LLC v. IRS*, 593 U.S. 209 (2021). Furthermore, this action falls within the 'no alternative remedy' exception recognized in *South Carolina v. Regan*, 465 U.S. 367 (1984), as all alternative judicial forums are closed to Plaintiffs: the United States Tax Court lacks jurisdiction over administrative lock-in directives; retrospective refund suits cannot provide prospective equitable relief; and 26 U.S.C. § 3403 expressly immunizes employers from employee lawsuits regarding federal withholding directives..

7. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(C). Both Plaintiffs reside within this District, and one Plaintiff resides in this Division. Furthermore, Defendants include the United States government, and federal agency executive officers.

### III.       PARTIES

8.       Plaintiff Lobdell resides in Jack County, Texas. Lobdell is the sole provider for a household of six. As a result of the challenged regulation, Lobdell's withholding allowance certificate is being ignored and his employer is over-withholding, causing severe ongoing economic deprivation to Lobdell and his family.

9.       Plaintiff Gibson resides in Johnson County, Texas. Gibson provides support for a household of five. As a result of the challenged regulation, Gibson's withholding allowance certificate is being ignored and his employer is over-withholding, causing severe ongoing economic deprivation to Gibson and his household.

10.       Defendants include the Internal Revenue Service; the United States Department of the Treasury; the United States of America; and Frank J. Bisignano and Scott Bessent, who are sued in their official capacities as Chief Executive Officer of the IRS and Secretary of the Treasury, respectively. The defendant United States of America is the real party in interest, and all other defendants are agencies or agents thereof.

### IV.       FACTUAL BACKGROUND

11.       Plaintiff Lobdell is married and serves as the sole financial provider for his non-working spouse and four dependent children. Based on these facts, Lobdell is at a minimum statutorily entitled to the "Married Filing Jointly" withholding status, dependent credits, and potential deductions for cash gifts to charity.

12.       Plaintiff Lobdell submitted a W-4 signed under penalties of perjury to his employer.

13.       Despite Despite this minimum statutory entitlement, on November 14, 2024, the IRS invoked the Regulation to issue a Lock-In Mandate (Letter 2800C)

(Ex. 1) to Lobdell's employer, BNSF Railway Company, designating his status at the maximum "Single-0-0" withholding rate.

14.     This directive required the employer to disregard Plaintiff Lobdell's existing signed withholding allowance certificate and withhold $1,136 per semi-monthly pay period above the rate reflecting his minimum statutory entitlement under 26 U.S.C. § 3402(f).

15.     In issuing this automated directive, the IRS forced a withholding rate that completely stripped Plaintiff Lobdell of the standard allowances legally afforded to a married individual supporting a non-working spouse and four dependent children.

16.     On November 25, 2025, Plaintiff Lobdell submitted a formal written objection (Ex. 2) via certified mail to the address provided in IRS Letter 2801C (Ex. 3). To date, Defendants have ignored the written objection and have provided no written response to Plaintiff Lobdell's objection letter.

17.     Plaintiff Gibson is married and serves as the sole financial provider for his non-working spouse and three dependents (a disabled adult son and two grandsons under his guardianship). Based on these facts, Gibson is at a minimum statutorily entitled to the "Married Filing Jointly" withholding status, dependent credits, and potential deductions for cash gifts to charity.

18.     Plaintiff Gibson submitted a W-4 signed under penalties of perjury to his employer.

19.     Despite this minimum statutory entitlement, on November 20, 2024, the IRS invoked the Regulation to issue a Lock-In Mandate to Gibson's employer, the Christman Company, designating his status at the maximum "Single-0-0" withholding rate.

20.     This directive required the employer to disregard Plaintiff Gibson's existing signed withholding allowance certificate and withhold $952 per bi-

weekly pay period above the rate reflecting his minimum statutory entitlement under 26 U.S.C. § 3402(f).

21.    In issuing this automated directive, the IRS applied a withholding rate that completely stripped Plaintiff Gibson of the standard allowances legally afforded to a married individual supporting a non-working spouse, a disabled adult son, and two grandsons.

22.    On March 5, 2025, per the instructions given in IRS Letter 2801C (Ex. 3), Plaintiff Gibson telephoned the Withholding Compliance Program's Andover, Massachusetts unit and provided oral testimony to Agent Madding (ID# 100018281) that his status at a minimum was married with a disabled adult child and guardianship of his two grandchildren.

23.    To date, Defendants have ignored the objection of Plaintiff Gibson.

## V.    CLAIMS FOR RELIEF

### Count I: Agency Action is in Excess of Statutory Authority
### (5 U.S.C. § 706(2)(C))

24.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

25.    Congress established exclusive statutory enforcement mechanisms for improperly furnished signed withholding allowance certificates: a civil penalty under 26 U.S.C. § 6682 and criminal prosecution under § 7205. No law delegates the authority for the IRS to bypass these statutes and establish a third, regulatory-only Lock-In directive.

26.    The Lock-In Mandate and the underlying Regulation are *ultra vires* and exceed the authority granted by 26 U.S.C. § 3402 by displacing the specific withholding framework enacted by the legislature in 26 U.S.C. § 3402(f).

27.    The Regulation, 26 C.F.R. § 31.3402(f)(2)-1(g), directs employers to disregard employee-signed withholding certificates furnished under 26 U.S.C. § 3402(f)(2) in direct contravention of § 3402(f)(1), which provides that an

employee "shall on any day be entitled to a withholding allowance" based on actual marital status, dependents, and deductions.

28.    Further, § 3402(n) provides that "notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold" under certain conditions.

29.    Wherefore, the Regulation operates to override these controlling statutory provisions and should be held by this Court to be invalid.

## Count II: Violation of Separation of Powers
## (U.S. Const. Art. I; 5 U.S.C. § 706(2)(B))

30.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

31.    The Regulation violates Article I, Section 1 of the Constitution of the United States by treating a disfavored signed withholding allowance certificate as a triggering event for an unauthorized withholding directive without clear congressional authorization.

32.    The IRS has established an extra-statutory regulatory mechanism that displaces the specific withholding framework enacted by the legislature.

33.    A statutory grant to "regulate" does not inherently include the power to establish non-statutory enforcement mechanisms.

34.    Because the Lock-In Mandate operates without explicitly delegated congressional authority, it must be set aside by this Court as invalid.

## Count III: Agency Action is Arbitrary and Capricious
## (5 U.S.C. § 706(2)(A)&(D))

35.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

36.    The Regulation was promulgated through Treasury Decision 7682 (1980) and Treasury Decision 9337 (2007), which state that the regulatory mechanics were designed to advance the Agency's internal enforcement

efficiency and to reduce burdens on employers. In doing so, the Agency entirely failed to consider the statutory entitlements of the employee and the constitutional constraints on the Agency's action.

37.     The administrative review process for Lock-In Mandates does not provide written determinations, neutral adjudication, formal evidentiary procedures, or appeal rights.

38.     Plaintiffs' objections to their Lock-In Mandates have not received written responses or formal review.

39.     Wherefore, agency Lock-In Mandates are imposed arbitrarily and capriciously in derogation of Plaintiffs' rights under law, and must be set aside as invalid.

## Count IV: Deprivation of Property Without Procedural Due Process

40.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

41.     The Internal Revenue Manual, which dictates internal procedures and enforcement guidelines for IRS personnel, characterizes Withholding Compliance case handling as "administrative" and states that "no written determination is issued" and "no appeal rights attach" (IRM § 4.19.15.6.3(4), 4.19.15.8.2).

42.     The Lock-In Mandates impose ongoing withholding at a rate exceeding Plaintiffs' statutory entitlements.

43.     Plaintiffs possess a protected property interest in their earned wages.

44.     Said property interest is violated contrary to the Due Process Clause of the Fifth Amendment and the Taxpayer Bill of Rights in 26 U.S.C. § 7803(a)(3) because of the complete absence of:

    a)  a neutral adjudicator to review the IRS's automated determination;

    b)  formal rules of evidence or opportunity to present a defense for consideration;

c)  a written record justifying the continued seizure of property;

d)  a right to judicial appeal of the administrative determination; and

e)  any defined temporal limitation, expiration date, or mandatory periodic review mechanism to terminate the automated determination.

45.      Plaintiffs have not received written explanations, neutral review, or formal procedures regarding the continued imposition of these Mandates and unauthorized deductions from their pay in direct violation of their rights to due process under the law.

46.      Therefore, the Regulation must be set aside by the Court for violation of Plaintiffs' Fifth Amendment rights to due process of law.

## VI.      PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Declare that 26 C.F.R. § 31.3402(f)(2)-1(g), its underlying administrative authorities (specifically Treasury Decision 9337 and Treasury Decision 7682), and the resulting Lock-In Mandates (IRS Letter 2800C) are unlawful, in excess of statutory authority, and arbitrary and capricious, and order them set aside in their entirety pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2);

B.      Declare that 26 C.F.R. § 31.3402(f)(2)-1(g) is unconstitutional because it violates the separation of powers by usurping the legislative power vested exclusively in Congress under Article I, Section 1 of the United States Constitution;

C.      Declare that 26 C.F.R. § 31.3402(f)(2)-1(g) violates the Due Process Clause of the Fifth Amendment to the United States Constitution by depriving Plaintiffs of a protected property interest in their wages without constitutionally adequate procedures, including the absence of established rules of procedure and evidence, written determinations, and a right to judicial appeal;

D.      Issue a Temporary Restraining Order, and, or in the alternative a Preliminary and Permanent Injunction, enjoining Defendants, their agents, employees, and all persons acting under their direction or control, from taking any action to implement, issue, or enforce any wage

withholding Lock-In Mandates pursuant to 26 C.F.R. § 31.3402(f)(2)-1(g) against Plaintiffs, their employers, or any other employees, pending final judgment on the merits;

     E.    Maintain jurisdiction over this case to assure full implementation of this Court's ruling by Defendants;

     F.    Award Plaintiffs reasonable attorneys' fees and costs as permitted by law, including under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

     G.    Grant such other and further relief as the Court deems just and proper.

//

Respectfully submitted,       this July 24, 2026

Peter Gibbons, Attorney for Plaintiffs
Law Offices of Gibbons and Associates
963 Topsy Lane, Ste. 306-251
Carson City, Nevada 89705-8407
Telephone: 775-434-1856
Email: LawDr1@lawdr.us

**Exhibits**

    Ex. 1:    The Lock-In Mandate (Letter 2800C).

    Ex. 2:    Lobdell's Written Objection and Certified Mail Receipt.

    Ex. 3:    Notice to Employee of IRS Lock-in (Letter 2801C).

(See: Plaintiffs' Appendix of Exhibits filed concurrently)