UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MATTHEW LOBDELL, ET AL.,**

Plaintiffs,

v. **No. 4:26-cv-00919-P**

**UNITED STATES OF AMERICA, ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion for Preliminary Injunction ("Motion"), filed on August 1, 2026. ECF No. 10. In their Motion, Plaintiffs request a preliminary injunction, asking the Court to enjoin Defendants from enforcing Lock-In Orders pursuant to 26 C.F.R. § 31.3402(f)(2)-1(g) (the "Regulation") against Plaintiffs and their respective employers.

However, at this stage Plaintiffs fail to establish that they suffered the irreparable injury necessary to justify the extraordinary remedy of a preliminary injunction. Accordingly, for the reasons set forth herein, after reviewing the Motion, the docket, the evidence, and the applicable law, the Court will **DENY** Plaintiffs' Motion.

## BACKGROUND

Plaintiffs are two wage earners whose employers received IRS "lock-in letters" under Treas. Reg § 31.3402(f)(2)-1(g). ECF No 11-1 at 2–21. A lock-in letter directs an employer to disregard the employee's W-4 and instead withhold at a rate specified by the IRS. Here, the lock-in letters directed Plaintiffs' employer to withhold at the maximum "Single 0-0" rate because it determined they were overclaiming on exemptions. ECF. No 11-1 at 2–7; *see also* ECF No. 15 at 5–6. This resulted in additional withholding of roughly $1,100 per paycheck and $950 per paycheck for Lobdell and Gibson, respectively. ECF No. 15 at 4. The lock-in letters

were issued in November of 2024. ECF No. 11 at 7–8. Plaintiffs received notice of this determination by letter. ECF No. 11-1 at 18–21. Plaintiffs claim they made formal objections by mail and phone to the lock-in letters but that their withholding status was not reconsidered. ECF No. 11 at 2–3. On July 7, 2026, they filed a complaint seeking to enjoin and set aside the Regulation on the grounds that it violates the Administrative Procedure Act, exceeds statutory authority, and runs afoul of the procedural guarantees of the Fifth Amendment's Due Process Clause. ECF No. 1. Then, on August 1, 2026, they sought a preliminary injunction to immediately enjoin enforcement against Plaintiffs and their respective employers and requested an expedited hearing on the matter. ECF. No 10. On August 20, 2026, The Court heard arguments from the parties and accordingly this Motion is now ripe for review.

**LEGAL STANDARD**

To merit a preliminary injunction, a movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) the grant of an injunction will not disserve the public interest. *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 402 (5th Cir. 2025) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

If a party fails to satisfy any one of the four essential elements, a district court may not grant a preliminary injunction. *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A preliminary injunction is an "extraordinary and drastic remedy" that is to be granted "only when the movant, by a clear showing, carries the burden of persuasion" as to each element. *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 772 (N.D. Tex. 2012) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

As set forth below, Plaintiffs cannot demonstrate their entitlement to a preliminary injunction.

## ANALYSIS

For the reasons noted in the record, the Court's analysis proceeds in three parts. *First*, the Court concludes that irreparable injury is not likely in the absence of an injunction. *Second*, the Court concludes that Plaintiffs are unlikely to succeed on the merits. *Third,* the Court concludes that the balance of equities and public interest do not warrant a preliminary injunction.

The Court must consider each of the preliminary injunction factors, on balance, and determine if all four collectively favor the injunction. *Picker Intern., Inc. v. Blanton*, 756 F. Supp. 971, 979 (N.D. Tex. 1990). If the plaintiff fails to carry its burden on *any* one of these four factors, a preliminary injunction cannot be granted. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). "The decision to grant an injunction is within the sound discretion of the trial court," *Kern River Gas Trans. Co. v. Coastal Corp.*, 899 F.2d 1458, 1462 (5th Cir. 1990), including a preliminary injunction. *Siders v. City of Brandon*, 123 F.4th 293, 300 (5th Cir. 2024). The Court's determination as to each of the four elements are mixed questions of fact and law, which will be left undisturbed unless clearly erroneous. *Kern River Gas Trans. Co.*, 899 F.2d at 1462.

### A. Plaintiffs Have Not Shown That Irreparable Harm Will Result

To satisfy the "irreparable harm" prong of the preliminary injunction test, a movant must show an "irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Pendergest–Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 569 (5th Cir. 2010). Generally, "a harm is irreparable where there is no adequate remedy at law[.]" *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).[1] *See Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). Further, the threatened harm must be "more than mere speculation." *Id.* at 601. It must be proven separately and convincingly,

[1] The irreparable harm at issue here needs to warrant an extraordinary remedy, not just economic damages. *See SO Apartments, L.L.C. v. City of San Antonio, Texas*, 109 F.4th 343, 353 (5th Cir. 2024).

or no injunction may be issued. *White v. Carlucci*, 862 F.2d 1209, 1212 (5th Cir. 1989); *Conlay v. Baylor College of Med.*, No. H-08-1038, 2010 WL 774162, at *5 (S.D. Tex. March 3, 2010).

Here, Plaintiffs' arguments for irreparable harm are unavailing. First, Plaintiffs argue that monetary damages will not make them whole. ECF No. 11 at 26. Yet over-withholding is a quintessential dollar-and-cents injury, if at all. Plaintiffs' unrecoverable "time-value" theory—that § 6513(b)(1) deems withheld tax paid on April 15, so no overpayment interest accrues for the intervening months—does not get them there. This kind of "lost interest" accrual—assuming *arguendo* it is compensable at law—does not even vaguely resemble the kind of "unrecoverable compliance cost and economic extraction" injuries established by the cases they cite. ECF No. 11 at 27. *Cf. Wages & White Lion Invs. L.L.C v. United States Food & Drug Admin.,* 16 F.4th 1130, 1142 (5th Cir. 2021) (granting an injunction where compliance costs that threatened the very existence of the business); *Texas v. United States,* 809 F.3d 134, 186 (5th Cir. 2015) (granting an injunction to states faced with the prospect of retracting benefits from nearly 4 million people.)

Even more troubling, Plaintiffs do not appear to have seriously pursued the remedies already available to them. Tax withheld from wages is not forfeited; it is credited against the employee's income tax liability for the year. 26 U.S.C § 31(a). If the amount withheld exceeds the tax owed, the excess is an overpayment the Secretary must refund. *Id.* § 6402(a). If the IRS denies or ignores the refund claim, the taxpayer may then sue for the refund in this Court. *Id.* § 7422(a); 28 U.S.C. § 1346(a)(1). The Supreme Court has long treated this pay-first, litigate-later structure as the taxpayer's adequate remedy at law. *See, e.g., Bob Jones Univ. v. Simon*, 416 U.S. 725, 747 (1974) (explaining that the proper avenue of recourse is for a petitioner to pay income taxes, then exhaust the Service's internal refund procedures, then bring suit for refund). Yet the record reflects that neither Plaintiff filed a federal income tax return for years 2022, 2023, nor 2024. ECF No. 15-1 at 1. A taxpayer who does not file cannot claim the withholding credit, cannot receive a refund, and cannot bring a refund suit, because an administrative claim is a prerequisite to one. *See* 26 U.S.C § 7422. This

error is compounded by their apparent failure to use the administrative path the Regulation itself provides. The notice each Plaintiff received explained how to furnish the IRS with information supporting a lower withholding rate and how to request a modification of the lock-in. ECF No. 11-1 at 18–21. Plaintiffs claim to have objected by mail and by phone, but the record does not show either plaintiff supplied the substantiating information the notices called for, and the government's contemporaneous record of Gibson's call reflects the opposite. ECF No 15-1 at 14. The Court need not resolve the factual dispute here to observe that the Plaintiffs have not carried their burden.

Plaintiffs' remaining theories do not fare better. They contend the harm is irreparable because the lock-in letters bind their employers for a minimum of three years, so that even a successful refund claim leaves them subject to maximum withholding the following year. ECF No.11 at 28. But that framing overlooks two fatal points. First, the duration for the lock-in is not fixed; the Regulation permits the IRS to modify or release it upon a showing by the employee. 26 C.F.R. § 31.3402(f)(2)-1(g)(2)(ii), v(ii). For the reasons discussed above, Plaintiffs have not adequately demonstrated they made that showing. A harm that persists because the movant declined the available means of ending it is not irreparable. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 762 n.13 (1974). Second, and more fundamentally, the length of the lock-in does not change the character of the injury. Each year the Plaintiffs remain subject to it, they may file a return, claim withholding credit, and recover any overpayment. 26 U.S.C §§ 31(a), 6402(a). A recurring monetary injury that is fully recoverable at the end of each withholding cycle is still a monetary injury. Three years of recoverable over-withholding is not irreparable injury; it is three potential refund claims.

For the reasons above, the Court thus concludes the Plaintiffs' have not carried their burden to establish irreparable injury required for the extraordinary remedy of a preliminary injunction.

**B. Plaintiffs Have Not Shown Substantial Likelihood of Success on the Merits**

To determine Plaintiff's likelihood of success on the merits, the Court must look to the standards set by substantive law. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). Where a plaintiff is unable to show a likelihood of success on the merits, a preliminary injunction is not warranted. *See Cardoni v. Prosperity Bank*, 805 F.3d 573, 589 (5th Cir. 2015) (holding that a preliminary injunction was not warranted based on a failure to meet this first factor). The Court looks at the claims brought forth by Plaintiffs and will determine the likelihood of success on the merits.

For reasons noted on the record, Plaintiffs' claims are beset with serious jurisdictional problems. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of nay tax shall be maintained in any court by any purpose." 26 U.S.C. § 7421(a). The Declaratory Judgement Act carries a parallel carve-out for declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201(a). Plaintiffs have not persuasively argued that wage withholding is sufficiently removed from the collection of taxes. *See, e.g. United States v. Am Friends Serv. Comm.*, 419 U.S. 7, 10 (1974) (per curiam) (noting with approval that "withholding is a method of collection of taxes"). Plaintiffs' reliance on *CIC Services, LLC v. IRS*, 593 U.S. 209 (2021) is similarly unconvincing. That case involved a freestanding reporting requirement "several steps removed" from any tax, not the collection mechanism itself. *Id.* at 220. And other courts to consider similar challenges to lock-in letters viewed those challenges skeptically. *Cleveland v. Commissioner of Internal Revenue*, 600 F.3d 739, 742 (7th Cir. 2010) (affirming the Tax Court's dismissal of a challenge to an IRS "lock-in" letter and noting that an order enjoining the IRS withholding efforts would be forbidden by the Anti-Injunction Act).

Because the Court resolves the Motion on irreparable harm, it does not decide the jurisdictional questions today. But Plaintiffs have not shown a substantial likelihood of overcoming these questions. That failure independently weighs against relief.

### C. The Balance of Equities and Public Interest Do Not Favor an Injunction

When the government is a party to a case, the balance-of-equities and public-interest factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court must weigh whether "the threatened injury outweighs any harm that may result from the injunction to the non-movant" and whether "the injunction will not undermine the public interest." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051, 1056 (5th Cir. 1997). Likewise, the Court must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

Having already analyzed the harm or lack thereof to Plaintiffs, the threatened injury does not outweigh the harm that may result from the injunction to the Government, and the public interest will be undermined by the injunction. The Court does not discount the burden on Plaintiffs' households of withholding at a rate higher than they allege their circumstances warrant. But that burden is temporary and recoverable, while the interest on the other side of the scale is not. "[T]axes are the life-blood of government, and their prompt and certain availability an imperious need." *Bull v. United States* 295 U.S. 247, 259 (1935). The lock-in program exists precisely to address taxpayers who claim exemptions they are not entitled to, and the record here—two wage earners who have not filed returns in the years leading up to the letter—does not suggest Plaintiffs fall outside the program's intended reach. It would disserve the public interest to enjoin the IRS from enforcing a collection mechanism Congress authorized at the behest of plaintiffs who declined the remedies Congress and the IRS provided.

For the reasons noted above, both the balance of harms and public interest weigh against an injunction.

## CONCLUSION

Plaintiffs seek the extraordinary remedy of preliminary injunction to redress a compensable monetary injury for which they have not even exhausted the remedies available to them at law. For the reasons above and those noted in the record, the Plaintiffs have not met their burden.

Accordingly, the Court **DENIES** Plaintiffs' Motion. ECF No. 10.

**SO ORDERED** on this **21st day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE