UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MATTHEW LOBDELL, AND**
**SHAWN GIBSON,**

Plaintiffs,

v. **No. 4:26-cv-00919-P**

**UNITED STATES OF AMERICA, ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 25. Having reviewed the filing and the relevant law, the Court will **GRANT** Defendants' Motion to Dismiss as all of Plaintiffs' claims.

## BACKGROUND

Plaintiffs are two wage earners whose employers received IRS "lock in letters" under Treas. Reg § 31.3402(f)(2)-1(g). ECF No 11-1 at 2–21. A lock-in letter directs an employer to disregard the employee's W-4 and instead withhold at a rate specified by the IRS. Here, the lock-in letters directed Plaintiffs' employers to withhold at the maximum "Single 0-0" rate because it determined they were overclaiming on exemptions. ECF. No 11-1 at 2–7; see also ECF No. 15 at 5–6. This resulted in additional withholding of roughly $1,100 per paycheck and $950 per paycheck for Lobdell and Gibson, respectively. ECF No. 15 at 4. The lock-in letters were issued in November of 2024. ECF No. 11 at 7–8. Plaintiffs received notice of this determination by letter. ECF No. 11-1 at 18–21. Plaintiffs allege they objected by mail and phone to the lock-in letters but that their withholding status was not reconsidered. ECF No. 11 at 2–3.

Plaintiffs therefore filed in this Court to enjoin and set aside the Regulation on the grounds that it violates the Administrative Procedure Act, exceeds statutory authority, and runs afoul of the procedural

guarantees of the Fifth Amendment's Due Process Clause. ECF No. 1. They later sought a preliminary injunction to immediately enjoin enforcement, ECF. No 10, which the Court denied. ECF No. 22. Now, Defendants move to dismiss for lack of jurisdiction. ECF No. 25. Plaintiffs did not respond, and the time to do so has passed. *See* N.D. Tex. L. R. 7.1(e). The Court does not treat the Motion as conceded on that basis; it has an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); Fed R. Civ. P.12(h)(3). The Motion is ripe for review.

## LEGAL STANDARDS

A motion under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. Fed R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of establishing it. *Ramming v. United States, 281 F.3d* 158, 161 (5th Cir. 2001). The Court addresses the jurisdictional challenge before any attack on the merits. *Ramming* 281 F.3d at 161. A Rule 12(b)(1) motion may present either a facial attack, which questions the sufficiency of the pleadings, or a factual attack, which disputes the truth of the facts on which jurisdiction rests. *Superior MRI Servs. v. Alliance HealthCare Servs.*, 778 F.3d 502, 504 (5th Cir. 2015). On a facial attack, as advanced here, the Court confines its review to the complaint and its proper attachments, accepts the well-pleaded allegations as true, and views them in the light most favorable to the plaintiff. *Id.* Dismissal for lack of subject-matter jurisdiction is without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

Sovereign immunity is likewise a question of subject-matter jurisdiction. *Koehler v. United States, IRS,* 153 F.3d 263, 265 (5th Cir. 1998). The United States retains its immunity unless it has expressly consent to suit, and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Waivers of sovereign immunity are construed narrowly in favor of the United States. *Equity Trust Co. v. McDonald,* 806 F.3d 833, 835 (5th Cir. 2015) (quotation omitted). Plaintiffs bear the burden of identifying an applicable waiver. *St Tammany Parish v. FEMA,* 556 F.3d 307, 315 (5th Cir. 2009).

## ANALYSIS

The Court's analysis is three-fold. *First*, the Court concludes that the Anti-Injunction Act ("AIA") bars the injunctive relief sought by Plaintiffs. *Second*, the Court reasons that the Declaratory Judgment Act ("DJA") applies with equal force to Plaintiffs' declaratory relief. *Third,* the Court accordingly finds that there is no valid waiver of sovereign immunity. Therefore, all of Plaintiffs' claims should be dismissed.

### A. The AIA Bars Plaintiffs' Suit to Enjoin The "Collection of Tax"

The AIA provides that: "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Plaintiffs' suit seeks to restrain the Regulation, which provides for "the collection of taxes." It is therefore barred by the AIA.

1. <u>Lock-in letters compel withholding, which is the collection of tax</u>

The plain language of the Regulation and its authorizing statute indicate that lock-in letters are part and parcel of tax collection and therefore cannot be enjoined. The authorizing statute for the Regulation at issue, 26 U.S.C. § 3402(a)(1), instructs that "every employer making payment of wages shall deduct and withhold upon such wages *a tax*." (emphasis added). Ordinarily, an employee furnishes his employer a signed withholding allowance certificate—the familiar Form W-4—stating the allowance he claims, 26 U.S.C. § 3402(f)(2)(A), and the employer then withholds a tax computed under the Secretary's tables using that allowance, *id.* at § 3402(a)(1)–(2).

But not all taxpayers are so honest or diligent in their certification. So, to implement this directive, the IRS promulgated 26 CFR 31.3402(f)(2)-1, which provides that the IRS may notify the employer in writing that the employee is *not* entitled to claim a complete exemption from withholding or more than the maximum withholding specified by the IRS. These notices are the challenged "lock-in letters" which, tellingly, are issued in two circumstances. First, if the withholding

allowance certificate includes a materially incorrect statement or lacks sufficient information to determine its accuracy. 26 CFR 31.3402(f)(2)-1 at (g)(2)(i)(A). Or, second, if the IRS "otherwise determines" the employee is not entitled to claim a complete exemption. *Id.* at (g)(2)(i)(B).

These circumstances bespeak a unified logic: to properly enforce withholding. And, as the authorizing statute explicitly states, the withholding deducted from the payment of wages is a tax. 26 U.S.C. § 3402(a)(1); *see also United States v. American Friends Service Committee*, 419 U.S. 7, 10 (1974) (explaining that "withholding is a method of collection of taxes within the meaning of § 7421 (a)") (per curiam). Reasoning from the plain text and statutory scheme, it is difficult to maintain that the Regulation is anything other than part and parcel of tax collection vis-à-vis the withholding mechanism.

2. <u>CIC Services is not to the contrary</u>

The Supreme Court's opinion in *CIC Services, LLC v. IRS* is not to the contrary and does not save Plaintiffs' suit. 593 U.S. 209 (2021). In that case, the Supreme Court considered whether a suit to enjoin Notice 2016-66, which compelled material advisors to describe certain transactions, was barred by the AIA. *Id.* at 213. As a general matter, the IRS has broad discretion to require the submission of information helpful to the assessment and collection of taxes. 26 U.S.C § 6011(a); *CIC Servs.,* 593 U.S. at 212. For example, IRS Code requires taxpayers and material advisors to provide detailed information about reportable transactions that "ha[ve] potential for tax avoidance or evasion." § 6707A(c)(1). Rather than specify these transactions exhaustively, the Code delegates to the Secretary of the Treasury, acting through the IRS, the task of identifying particular at-risk transactions. *CIC Servs.,* 593 U.S. at 213. Using that authority, the IRS promulgated Notice 2016-66, which designated certain micro-captive agreements as reportable transactions. *Id.* Notice 2016-66 thus compelled taxpayers and material advisors to describe these transactions so that the IRS could verify entitlement to certain tax benefits. *Id.* at 214.

Based on three factors, the Court held that the AIA did not preclude setting aside and enjoining the Notice. *Id.* at 223. First, the Notice

"impose[d] affirmative reporting obligations, inflicting costs separate and apart from the statutory tax penalty." *Id.* at 220. The Court observed that the Notice entailed extensive compliance costs not tied to and which "go[] beyond" any tax. *Id.* Second, the Notice was "several steps removed" from the statutory tax penalty. *Id.* The Court noted that the advisor stood nowhere near the "cusp of tax liability" insofar as there was too attenuated a chain of connection between the upstream reporting duty and the downstream imposition of tax liability. *Id.* at 221. Third, violation of the Notice was punishable by separate criminal penalties. *Id.* This distinguished the Notice from the Anti-Injunction Act's pay-now-sue-later procedure, instead subjecting the party to dcriminal punishment for non-compliance. That factor practically necessitated a pre-enforcement suit, rather than a refund. *Id.* at 222.

None of these factors counsel against applicability of the AIA in the instant case. First, unlike the Notice, lock-in letters do not require reporting but rather directly compel withholding. *See* 26 C.F.R. 31.3402(f)(2)-1 at (g)(2)(iv) (writing that "the employer *must* withhold tax in accordance with the notice"). Second, lock-in letters are not "several steps removed" from tax liability. Lock-in letters directly adjust withholding which, as discussed above, is Congress' chosen means of tax collection. Indeed, the very injury Plaintiffs complain of is that their immediate withholding—the sum deducted from their paycheck each month—is now greater than under the exemptions they claimed. Third, unlike *CIC Services*, lock-in letters do not present potential criminal liability distinct from the collection of the employees' tax. Nowhere in the Regulation do such penalties arise and Plaintiffs' errant citation to 26 U.S.C. § 7205 does not get them there. ECF No. 7 at 5. In *CIC Services,* failure to comply with the Notice resulted in a misdemeanor, punishable by fines and up to one year in prison. 26 U.S.C. § 7203. By contrast, 26 U.S.C. § 7205 deals with fraudulent withholding certificates generally and does not automatically follow from failure to comply with the lock-in letter. Indeed, the letters themselves specify that failure to comply may result in the employer being liable for paying the additional tax required to be withheld, not prosecution. ECF No. 11-1 at 4.

Plaintiffs argue that the letters themselves state that they do not "mak[e] a determination of your ultimate tax liability" and therefore are nowhere "near the cusp of tax liability." ECF No. 18 at 6. This does not work. For one, the letter refers to *ultimate* tax liability, not tax liability generally. ECF No. 11-1 at 4. It is in perfect keeping with the withholding tax mechanism that the *initial assessment* might differ from the *ultimate liability*; indeed, that is the purpose of withholding in the first place. There is no reason to think that this concession therefore attenuates lock-in letters from tax liability. The better reading is instead that this statement places it squarely within the "pay-now, sue-later" procedure contemplated by the AIA. *CIC Servs.* 593 U.S. at 222. CIC Services therefore cannot avail plaintiffs and does not except lock-in letters from the ambit of the AIA.

3. No judicially created exception applies

Plaintiffs' last-ditch effort to invoke *South Carolina v. Regan*, 465 U.S. 367 (1984) to sidestep the AIA fares no better. *Regan* held that the AIA does not bar suit where "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *Id.* at 373. In that case, South Carolina had no alternative: it did not owe tax under the statute and so could not sue for a refund. *Id.* at 380. If the AIA barred suit, the State was left only to hope that third-parties might litigate on its behalf. *Id.* at 381. But for reasons explained elsewhere, ECF No. 24, lock-in letters provide remedy abound. For one, tax withheld is credited against income tax liability. 26 U.S.C. § 31(a). Further, any excess is an overpayment the Secretary must refund. *Id.* § 6402(a). Finally, if a refund claim is denied, a claimant may sue in this Court. *Id.* § 7422(a); 28 U.S.C §1346(a)(1). In that refund suit, they may press the same challenges to the Regulation they raise here. But that Plaintiffs here voluntarily forego the remedy provided to them, or prefer a different avenue, does not make the remedy provided by Congress unavailable. *See, e.g., Bob Jones Univ. v. Simon*, 416 U.S. 725, 747 (1974) (explaining that the proper avenue of recourse is for a petitioner to pay income taxes, then exhaust the Service's internal refund procedures, then bring suit for refund).

Nor does the judicially created exception in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962), assist Plaintiffs. It requires both that the Government could under no circumstances prevail and that equity jurisdiction exist because there is no adequate remedy at law. Neither prong here is satisfied. The Government's position is highly tenable, and Plaintiffs have an adequate remedy at law in the refund process described above.

Finally, because the application of the AIA turns on the relief sought rather than the legal theory pressed, this conclusion reaches all five counts, ECF No. 7, including those sounding in constitutional law. Thus, all claims seeking injunctive relief are barred by the AIA.

**B. The DJA Bars Plaintiffs' Suit for Declaratory Relief "With Respect to Tax"**

The DJA authorizes declaratory judgements in cases of actual controversy "except with respect to Federal taxes." 28 U.S.C. § 2201(a). Congress added that exception because a declaration of tax invalidity would accomplish indirectly what the AIA forbids directly, and the Supreme Court has accordingly described the DJA's tax exception as "at least as broad as" the AIA. *Bob Jones Univ. v. Simon,* 416 U.S. 725, 732 n.7 (1974). The Fifth Circuit treats the two in tandem, holding that both bar suits seeking to interfere with the assessment or collection of federal taxes, whether by injunctive or declaratory relief. *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991). Moreover, it recently reiterated that the bar presented by the DJA is "more sweeping than the AIA's." *Norcave Props., L.L.C. v. Internal Revenue Serv.*, No. 25-30542, 2026 WL 2452258, at *7 (5th Cir. 2026).

Plaintiffs ask the Court to declare the Regulation unlawful and unconstitutional and set it aside. ECF No. 7. For the reasons given above, that is a request for judgment "with respect to Federal taxes," and so is barred by the DJA.

**C. The APA Does Not Waive Sovereign Immunity Here**

The APA generally waives the government's sovereign immunity from suits "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in

an official capacity or under color of legal authority." 5 U.S.C. § 702. But that general waiver does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought by the plaintiff." *Id*; *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak,* 567 U.S. 209, 215 (2012).

The AIA and the DJA are such statutes. Each expressly forbids the relief Plaintiffs' seek—the AIA an injunction restraining collection, the DJA a declaration with respect to federal taxes—and § 702's general waiver cannot override them. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (applying that limitation to bar APA relief in a tax suit) Plaintiffs identify no other waiver, and it is their burden to do so. *St. Tammany Parish*, 556 F.3d at 315. The United States has therefore not consented to this suit, and the Court lacks jurisdiction on that independent ground.

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion to Dismiss as to all of Plaintiffs' claims. Those claims are **DISMISSED without prejudice** to Plaintiffs' ability to raise their challenges to the Regulation in the appropriate posture.

**SO ORDERED** on this **16th day of September 2026.**

Mark T. Pittman

Mark T. Pittman
UNITED STATES DISTRICT JUDGE